# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ADVANCED ENCODING SOLUTIONS LLC, § § § § PLAINTIFF, § § V. § § BROADCOM CORPORATION; § ERICSSON TELEVISION INC.;  and § TECHNICOLOR USA, INC. D/B/A § GRASS VALLEY; § § DEFENDANTS. § § | CIVIL ACTION NO. 6:11-CV-24 JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Advanced Encoding Solutions LLC ("AES"), by and through its attorneys, for its Original Complaint against Defendants Broadcom Corporation ("Broadcom"), Ericsson Television Inc. ("Ericsson"), and Technicolor USA, Inc. d/b/a Grass Valley ("Grass Valley"), hereby alleges as follows:

### I.   NATURE OF THE ACTION

1. This is a patent infringement action to end Defendants' unauthorized and infringing manufacture, use, sale, offering for sale and/or importation of methods and products incorporating Plaintiff AES's patented inventions.

2. AES is the exclusive licensee and holder of all substantial rights and interest in and to United States Patent No. 6,081,297, issued on June 27, 2000, for "MPEG-2 Encoder Pre-Processor for Processing SDTV Video and HDTV Split Picture Video" (the "Patent"). A true and correct copy of the Patent is attached hereto as Exhibit 1.

3. Each of the Defendants manufactures, provides, sells, offers for sale, imports and/or distributes infringing products and services; and/or induces others to use its products and services in an infringing manner; and/or contributes to the use of infringing products and services by others.

4. Plaintiff AES seeks injunctive relief to prevent Defendants from continuing infringement of Plaintiff's valuable patent rights. Plaintiff AES further seeks monetary damages and prejudgment interest for Defendants' past infringement of the Patent.

5. This is an exceptional case, and AES is entitled to damages, enhanced damages, attorneys' fees, costs and expenses.

## II. THE PARTIES

6. Plaintiff AES is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 6136 Frisco Square Blvd., Suite 385, Frisco, TX 75034.

7. Defendant Broadcom Corporation is a corporation organized and existing under the laws of the State of California, with a place of business located at 5300 California Avenue, Irvine, California 92617-3038. Defendant Broadcom Corporation can be served with process by serving its registered agent for service of process in the State of Texas, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, TX 77062.

8. Defendant Technicolor USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 6040 Sunset Blvd, Hollywood, CA 90028. Defendant Technicolor USA, Inc. does business as Grass Valley. Defendant Grass Valley can be served with process by serving its registered agent for service of process in the State of Texas, Registered Agent Solutions, Inc., 515 Congress Avenue, Suite

2300, Austin, TX 78701-0000 USA.

9.     Defendant Ericsson Television Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 6300 Legacy Drive, Plano, TX 75024.  Defendant Ericsson Television Inc. can be served with process by serving its registered agent for service of process in the State of Delaware, Capitol Services, Inc., 615 South Dupont Highway, Dover, DE 19901.

### III. JURISDICTION AND VENUE

10.    This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284 and 285.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

11.    This Court has personal jurisdiction over each of the Defendants, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c) and 1400.

### IV. PLAINTIFF'S PATENT

12.    The Patent describes a novel and important Moving Picture Expert Group 2 (MPEG-2) encoder preprocessor for processing split picture video of standard definition (SDTV) and high definition television (HDTV). The MPEG-2 encoder pre-processor includes signal separation and synchronizing signal detector, multiplexor, and video processor. The pre-processor is capable of processing both of SDTV video and HDTV split picture video by performing the processes such as 4:2:2/4:2:0 conversion, pre-processing adaptive filtering and scene change detection, so as to simplify the compression of the video from the input video signals. Accordingly, there is no need to develop pre-processors for SDTV and HDTV, individually.

13. AES has obtained all substantial right and interest to the Patent, including all rights to recover for all past and future infringements thereof.

## V.     DEFENDANTS' ACTS

**Broadcom**

14. Broadcom manufactures, provides, sells, offers for sale and/or distributes infringing systems. The infringing Broadcom systems include, but are not limited to, systems marketed under the name BCM 7043 and related products. Broadcom provides related services, specifications and instructions for the installation and operation of such systems to its customers.

15. Through its actions, Broadcom has infringed the Patent and actively induced others to infringe and contributed to the infringement by others of the Patent throughout the United States.

16. Neither AES nor any of its predecessors in interest in and to the Patent has granted Broadcom license or any other right to make, use, offer for sale, sell or import the invention defined by the claims of the Patent.

17. AES has been and will continue to suffer damages as a result of Defendant Broadcom's infringing acts unless and until enjoined.

**Ericsson**

18. Ericsson manufactures, provides, sells, offers for sale and/or distributes infringing systems. The infringing Ericsson systems include, but are not limited to, systems marketed under the name Voyager E5784 and E5788, and related products. Ericsson provides related services, specifications and instructions for the installation and operation of such systems to its customers.

19. Through its actions, Ericsson has infringed the Patent and actively induced others to infringe and contributed to the infringement by others of the Patent throughout the United States.

20. Neither AES nor any of its predecessors in interest in and to the Patent has granted Ericsson license or any other right to make, use, offer for sale, sell or import the invention defined by the claims of the Patent.

21. AES has been and will continue to suffer damages as a result of Defendant Ericsson's infringing acts unless and until enjoined.

**Grass Valley**

22. Grass Valley manufactures, provides, sells, offers for sale and/or distributes infringing systems. The infringing Grass Valley systems include, but are not limited to, systems marketed under the name EM3100 Encoder and related products. Grass Valley provides related services, specifications and instructions for the installation and operation of such systems to its customers.

23. Through its actions, Grass Valley has infringed the Patent and actively induced others to infringe and contributed to the infringement by others of the Patent throughout the United States.

24. Neither AES nor any of its predecessors in interest in and to the Patent has granted Grass Valley a license or any other right to make, use, offer for sale, sell or import the invention defined by the claims of the Patent.

25. AES has been and will continue to suffer damages as a result of Defendant Grass Valley's infringing acts unless and until enjoined

## COUNT ONE
## PATENT INFRINGEMENT

26. Plaintiff AES realleges and incorporates herein paragraphs 1 - 25.

27. Defendants have infringed the Patent.

28. Defendants have indirectly infringed the Patent by inducing the infringement of the Patent and contributing to the infringement of the Patent.

29. Upon information and belief, Defendants have jointly infringed the Patent.

30. Defendants' aforementioned acts have caused damage to AES and will continue to do so unless and until enjoined.

## VI.   JURY DEMAND

31. Plaintiff AES hereby demands a jury on all issues so triable.

## VII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff AES respectfully requests that the Court:

A. Permanently enjoin each Defendant, its agents, servants and employees, and all those in privity with each Defendant or in active concert and participation with any of the Defendants, from engaging in acts of infringement of the Patent;

B. Award Plaintiff AES past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendants of the Patent in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

C. Declare this case exceptional pursuant to 35 U.S.C. §285; and

D. Award Plaintiff AES its costs, disbursements, attorneys' fees and such further and additional relief as is deemed appropriate by this Court.

Respectfully submitted,

/s/ Eric M. Albritton
Eric M. Albritton
Texas Bar No. 00790215
ema@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

T. John Ward, Jr.
State Bar No. 00794818
jw@jwfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Andrew G. DiNovo
Texas State Bar No. 00790594
**DiNovo Price Ellwanger & Hardy LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Facsimile:  (512) 539-2627

*Counsel for Advanced Encoding Solutions LLC*